## THE CITY OF MURPHYSBORO
### v.
## JOHN L. BAKER.

*Municipal Corporations — Personal Injuries — Negligence—Defective Sidewalks—Notice.*

Actual notice of the defect is not necessary to render a city liable for injuries sustained by reason of a defective sidewalk.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKES, Judge, presiding.

Messrs. A. B. GARRETT, C. H. SUNDMACHER and HILL & MARTIN, for appellant.

Mr. J. B. MAYHAM, for appellee.

GREEN, J. This was an action on the case, brought by appellee to recover for personal injuries alleged to have been caused by the negligence of appellant in failing to keep its sidewalk in reasonably safe condition and repair.

The jury returned a verdict finding defendant guilty, and assessed damages at $126, for which amount and costs, judgment was entered, and defendant took this appeal.

Upon a careful examination of the record, we find evidence sufficient to warrant the verdict. The admission of the evidence objected to by defendant was a matter within the discretion of the court, and we can not say such discretion was improvidently exercised, or that the court erred in admitting it. The only other error assigned is the refusal of the court to give this instruction on behalf of defendant : " In order to make the city liable for injuries caused by defective sidewalks, it devolves upon the plaintiff to prove, by a pre-

ponderance of the evidence, that the city not only had notice
of the defect, but the plaintiff must further show that the
city had notice of the dangerous character of the defect, and
that the plaintiff used ordinary care." This instruction, if
given, might have misled the jury. They probably would
have understood it to mean that actual notice must be given
by some person, informing the city authorities of the defect.
This is not the law, but constructive notice is sufficient to
create liability, and the law was correctly stated in plaintiff's
fourth instruction given to the jury. Finding no error
requiring the reversal of the judgment, it is affirmed.

*Judgment affirmed.*